DAVID A. KAZEMBA, WSBA#48049        THE HON. FREDERICK P. CORBIT
OVERCAST LAW OFFICES
23 S. Wenatchee Ave. Suite 320
Wenatchee, WA 98801
(509) 663-5588 tele
(509) 662-5508 fax

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

| COLLEEN K. JONES | |
|---|---|
| Debtor. | |
| COLLEEN K. JONES | CHAPTER 13 |
| Plaintiff, | CASE NO: 20-00771-FPC13 |
| v. | ADV NO: _____ |
| NAVIENT SOLUTIONS, LLC, VL FUNDING, LLC, NAVIENT PC TRUST | **VERIFIED COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS** |
| Defendant(s). | |

COMES NOW, Plaintiff, Colleen K. Jones, by and through her attorney of record, David A. Kazemba of Overcast Law Offices, and allege as follows:

I. **JURISDICTION AND VENUE**

1.1. **Jurisdiction.** This adversary proceeding is brought pursuant to Rules 4001 and 7001 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. § 523(a)(8)(A).

VERIFIED COMPLAINT TO DETERMINE
DISCHARGEABILTY OF STUDENT LOANS- 1

**OVERCAST LAW OFFICES**
**23 South Wenatchee Avenue, Suite 320**
**Wenatchee, Washington 98801**
**Telephone (509) 663-5588  Fax (509) 662-5508**

22-80022-FPC    Doc 1    Filed 09/27/22    Entered 09/27/22 15:28:57    Pg 1 of 6

1.2. This court has subject matter jurisdiction over this adversary proceeding to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

1.3. **Venue.** Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## II. PARTIES

2.1. **Plaintiff, Colleen K. Jones** ("Plaintiff") is an individual residing in the State of Washington and debtor in the above captioned Chapter 13 proceeding.

2.2. **Defendant Navient Solutions, LLC** ("Navient") is a Virginia Limited Liability Company that either facilitated or currently is the holder of Plaintiff's student loan debt.

2.3. **VL Funding, LLC** is a Delaware Limited Liability Company that either facilitated or currently is the holder of Plaintiff's student loan debt

2.4. **Navient PC TRUST** is a securitization trust sponsored by Navient Corporation that either facilitated or currently is the holder of Plaintiff's student loan debt.

2.5. All defendants collectively are hereafter referred as "Defendants."

## III. STATEMENT OF THE CASE

3.1. Plaintiff incorporates and realleges all foregoing paragraphs as if fully set forth herein.

3.2. The Debtor's financial obligations to the Defendants are believed to be educational benefit overpayments or loans made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or an obligation to repay funds received as an educational benefit, scholarship, or stipend, as described in 11 U.S.C. § 523(a)(8).

3.3. Debtor, Colleen K. Jones applied for and incurred student loan obligations with the Defendants in order to pay her tuition at Washington State University from 2002 to 2006.

3.4. Plaintiff obtained a bachelor's degree in Social Sciences and initially pursued employment as a writer.

VERIFIED COMPLAINT TO DETERMINE
DISCHARGEABILTY OF STUDENT LOANS- 2

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588  Fax (509) 662-5508

22-80022-FPC    Doc 1    Filed 09/27/22    Entered 09/27/22 15:28:57    Pg 2 of 6

3.5. Despite obtaining her degree, Plaintiff was not able to find employment consistent with her degree.

3.6. Plaintiff was hired in August of 2018 as a project manager for an independent publisher but was terminated from her employment in September 2019, due to restructuring. She currently does some freelancing for this company, but a full-time job or permanent position is not available.

3.7. After some time doing freelancing and occasionally substituting for the Ephrata School District, Plaintiff obtained a full-time position with Walmart.

3.8. While at work around January 2021, Plaintiff injured her leg. Plaintiff was moved to a cashier's position however, standing for long lengths of time aggravated the injury. Plaintiff requested accommodations and they moved Plaintiff to a position in a different department where less standing would be required, however she could not work a full eight-hour shift without being in immense pain.

3.9. Plaintiff's injury proved to be persistent, and she continued to have problems with pain more than a year after the date of the injury. Due to this, Plaintiff's employer cut her hours. In the months of January, February, March and April 2022, Plaintiff worked so little that her income was barely sufficient to pay for her basic needs.

3.10. Plaintiff's hours at Walmart continued to be cut, so Plaintiff realized it was necessary to get a new job position that could better accommodate her injury.

3.11. In April 2022, Plaintiff obtained a part-time position with the Department of Fish and Wildlife. However, because the position is part-time, Plaintiff is still making very little income.

3.12. As detailed in her filed Schedule I and J, Plaintiff cannot maintain a minimal standard of living.

3.13. Plaintiff made good faith efforts to repay her student loans until she had no means to pay after being laid off in September 2019 and after having her hours cut from Walmart January 2022 to April 2022.

VERIFIED COMPLAINT TO DETERMINE
DISCHARGEABILTY OF STUDENT LOANS- 3

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588  Fax (509) 662-5508

22-80022-FPC    Doc 1    Filed 09/27/22    Entered 09/27/22 15:28:57    Pg 3 of 6

3.14. In sum, due to Plaintiff's injury and her inability to work a full-time job, Plaintiff was never able to make full payments on her student loans. This situation has and will continue to persist for the repayment period. Further, it is not feasible for her to sustain sufficient income to repay her student loan obligations while maintaining a minimal standard of living for herself and her mother.

3.15. The principal purpose of the Bankruptcy Code providing a fresh start to the honest but unfortunate debtor, requires re-examination of the outdated *Brunner* test and dischargeability of student loans.

3.16. It is necessary for the determination of the Plaintiff's stated claims to engage in discovery to uncover the extent of Defendant's collection efforts which may have affected Plaintiff's efforts to make payment towards their student loans.

## IV. FIRST CAUSE OF ACTION – DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(A)(8)A (UNDUE HARDSHIP)

4.1. Plaintiff incorporates and realleges all foregoing paragraphs as if fully set forth herein.

4.2. Plaintiff cannot, based on her current income and expenses, maintain a "minimal" standard of living for herself and her dependent if forced to repay her education loans to Defendants.

4.3. Moreover, this situation is likely to persist for a significant portion of the repayment period of the educational loans.

4.4. Plaintiff has exhibited good faith efforts to repay her loans.

4.5. Therefore, the Debtor's educational loans are properly dischargeable under the Bankruptcy Code.

## V. SECOND CAUSE OF ACTION – DECLARATORY JUDGMENT AND DETERMINATION OF DISCHARGEABILITY

5.1. Plaintiff incorporates and realleges all foregoing paragraphs as if fully set forth herein.

VERIFIED COMPLAINT TO DETERMINE
DISCHARGEABILTY OF STUDENT LOANS- 4

OVERCAST LAW OFFICES
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588  Fax (509) 662-5508

22-80022-FPC    Doc 1    Filed 09/27/22    Entered 09/27/22 15:28:57    Pg 4 of 6

5.2. Based on the foregoing cause of action, Plaintiff requests a declaratory judgment pursuant to 28 U.S.C. § 2201 and Federal Rules of Bankruptcy Procedure 4007(a) and 7001(9) that all Plaintiff's student loans are to be included in the general discharge to be obtained after all payments have been made on their Chapter 13 plan.

## VI. RESERVATION OF RIGHT TO AMEND COMPLAINT

6.1 Plaintiff reserves the right to amend plaintiff's complaint herein based on the discovery of additional facts and evidence obtained through further investigation and discovery, including but not limited to a claim under the Washington State Consumer Protection Act, RCW 19.86, and to include the right to add additional parties.

## VII. REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Colleen K. Jones, prays for the following relief:

7.1. That her educational loans with Defendants be completely dischargeable under 11 U.S.C. § 523(a)(8)(A); or

7.2. In the alternative, that her educational loans with Defendants are partially dischargeable under 11 U.S.C. § 523(a)(8)(A);

7.3. That this Court provide declaratory relief and a determination that all student loans are dischargeable; and

7.4. For such other and further relief as the court deems just and equitable.

DATED: September 27th, 2022.

OVERCAST LAW OFFICES

By: _____
David A. Kazemba, WSBA # 48049
Attorney for Plaintiff

VERIFIED COMPLAINT TO DETERMINE
DISCHARGEABILTY OF STUDENT LOANS- 5

OVERCAST LAW OFFICES
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588  Fax (509) 662-5508

22-80022-FPC    Doc 1    Filed 09/27/22    Entered 09/27/22 15:28:57    Pg 5 of 6

## VERIFICATION

Plaintiff, Colleen K. Jones declares on this 15th day of September, 2022, at Ephrata, Washington, under penalty of perjury under the laws of Washington that she is the Plaintiff named in this Verified Complaint, has read the Verified Complaint, and knows its contents and that the statements made in this Verified Complaint are true and correct to the best of her knowledge.

*/s/ Colleen K. Jones*
Colleen K. Jones

VERIFIED COMPLAINT TO DETERMINE
DISCHARGEABILTY OF STUDENT LOANS- 6

**OVERCAST LAW OFFICES**
23 South Wenatchee Avenue, Suite 320
Wenatchee, Washington 98801
Telephone (509) 663-5588  Fax (509) 662-5508

22-80022-FPC    Doc 1    Filed 09/27/22    Entered 09/27/22 15:28:57    Pg 6 of 6